United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 27, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-31149
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WARREN BARTLEY,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 03-CR-50017-ALL
--------------------

Before JOLLY, HIGGINBOTHAM and PICKERING, Circuit Judges.

PER CURIAM:[*]

Warren Bartley ("Bartley") appeals the sentence imposed
following his guilty-plea conviction for possession with intent
to distribute marijuana. Bartley argues that the district court
clearly erred by finding that he was responsible for two
kilograms of cocaine in making its drug quantity determination
because his responsibility for the cocaine was not supported by a
preponderance of the evidence. For the first time in his reply
brief, Bartley asserts that the district court violated his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

constitutional rights as set forth in Blakely v. Washington, 124 S. Ct. 2531 (2004), because it based his sentence upon alleged cocaine deliveries to which he did not plead guilty and which were not proven to a jury beyond a reasonable doubt. Bartley additionally contends that the district court clearly erred by denying him a reduction for acceptance of responsibility. In one section of his brief, Bartley also appears to state that the delivery of cocaine was not part of the same course of conduct as his offense conduct, but Bartley does not make any further argument on this issue. To the extent that Bartley is attempting to raise this argument, it is not properly briefed and deemed abandoned. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Bartley was arrested in possession of approximately 22 kilograms of marijuana but no cocaine. However, when Bartley pled guilty the police officer testified that Bartley admitted after his arrest that he had been delivering both cocaine and marijuana for approximately one year. Following the conclusion of the officer's testimony, Barley indicated that he agreed with the testimony.

At sentencing, a cooperating defendant testified that Bartley had delivered cocaine to him, and a police officer testified that Bartley admitted to delivering two kilograms of cocaine. Although Bartley testified that he had not delivered cocaine at sentencing, this did not make his earlier admissions

unreliable to the extent that it could not be considered at sentencing.  See <u>United States v. Davis</u>, 76 F.3d 82, 83-85 (5th Cir. 1996).  The cooperating defendant's testimony was corroborated by Bartley's admission and was sufficiently reliable to be considered.  See <u>United States v. Gaytan</u>, 74 F.3d 545, 558 (5th Cir. 1996).  The district court was presented with conflicting statements from a witness and conflicting evidence and made a credibility determination that we will not disturb. <u>See</u> <u>Davis</u>, 76 F.3d at 85; <u>United States v. Perez</u>, 217 F.3d 323, 331-32 (5th Cir. 2000).  Accordingly, the district court's drug quantity determination was not clearly erroneous.

Bartley's <u>Blakely</u> argument is foreclosed by this court's recent decision in <u>United States v. Pineiro</u>, __ F.3d __, No. 03-30437, 2004 WL 1543170, *1 (5th Cir. July 12, 2004). Furthermore, as Bartley denied relevant conduct that the district court found to be true at sentencing, the district court's denial of acceptance of responsibility was not without foundation.  <u>See</u> U.S.S.G. § 3E1.1, comment. (n.1(a)); <u>United States v. Solis</u>, 299 F.3d 420, 458 (5th Cir. 2002).

AFFIRMED.